**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Javier **GOMEZ–MORENO,** aka Javier Moreno Gomez, Placido Moreno–Lopez, Ramon Reyes Espinoza, Defendant–Appellant.

No. 06–10166.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2007.*

Filed Feb. 22, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

 Fed. R.App. P. 34(a)(2).

John P. Balazs, Esq., Law Offices of John P. Balazs, Sacramento, CA, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Javier Gomez–Moreno appeals his conviction for being a deported alien found in the United States without permission in violation of 8 U.S.C. § 1326(a), arguing that (1) the evidence was insufficient for a rational jury to find beyond a reasonable doubt that he was not a United States citizen, and (2) the prosecutor engaged in misconduct by relying on facts not in evidence and vouching. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.  Sufficiency Of The Evidence

■ The government presented evidence that Gomez–Moreno had admitted to being born in Mexico several times during prior immigration proceedings. Government employees testified that Gomez–Moreno had voluntarily made those admissions to them. The government introduced evidence that there was no birth certificate for Gomez–Moreno in New Mexico, the state in which he claimed he was born. "[V]iewing the evidence in the light most favorable to the prosecution," a rational jury could disbelieve Gomez–Moreno's testimony and find that the government's evidence proved his alienage beyond a reasonable doubt. *See United*

Michael B. Beckwith, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

States v. Norris, 428 F.3d 907, 914 (9th Cir.2005) (citation omitted).

Gomez–Moreno argues that his admissions were insufficient to sustain the verdict, because of the rule that "a defendant's confession requires some independent corroborating evidence." *United States v. Lopez–Alvarez*, 970 F.2d 583, 589 (9th Cir.1992) (emphasis removed). However, the corroboration rule only applies to confessions that occur *after* a crime is committed. *Warszower v. United States*, 312 U.S. 342, 347, 61 S.Ct. 603, 85 L.Ed. 876 (1941). Even if Gomez–Moreno's admissions were the government's only evidence of his alienage, Gomez–Moreno made them before the crime at issue occurred.

## II. Prosecutorial Misconduct

■ Gomez–Moreno's claim that the prosecutor improperly relied on facts not in evidence is without merit. The prosecutor's statement that Gomez–Moreno had admitted to his citizenship in front of immigration judges was a "reasonable inference" from the orders of deportation and Agent Webster's testimony about the deportation process. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997). The prosecutor's statement that Gomez–Moreno had never applied for a delayed birth certificate was based on Gomez–Moreno's admission, on cross-examination, that he had not done so. The general statement that immigration judges make decisions based on their experience and their judgment of a situation was a reasonable inference. All of these statements were proper.

It was not a reasonable inference from the record to state that Gomez–Moreno had not raised his claim to United States citizenship before any immigration judge. The defense objected to this statement at trial, so we review for harmless error.

*United States v. Weatherspoon*, 410 F.3d 1142, 1150 (9th Cir.2005). The district court immediately admonished the jury that it could not consider the prosecutor's statements to be evidence. In addition, the case against Gomez–Moreno was strong, pitting evidence of Gomez–Moreno's numerous admissions to being born in Mexico against his testimony that government officials had forced him admit to being born in Mexico on each occasion. The prosecutor's statement did not prejudice Gomez–Moreno, *cf. id.* at 1151, and does not require reversal.

Gomez–Moreno's claim that the prosecutor improperly vouched for the immigration judges and the government's witnesses is also without merit. Here, the immigration judges were not witnesses, so the more appropriate argument is that the prosecutor's statements about them relied on facts not in the record. Stating that the immigration judges would face various repercussions for lying was not a reasonable inference from Agent Webster's testimony. Since defense counsel did not object to these statements, we review for plain error. *Id.* at 1151. The district court did not instruct the jury to disregard them, and the court's instruction to the jury that the prosecutor's arguments did not constitute evidence did not alone "neutralize the harm of the improper statements." *Id.* However, the strength of the government's case prevents us from finding that the prosecutor's statements require reversal under the plain error standard.

■ The prosecutor's statements about the possible repercussions for lying were not vouching as to Agent Webster, because Agent Webster testified about those repercussions. *Cf. id.* at 1146 (statements about possible repercussions were vouching because they were based on facts not in evidence).

■ The statements about repercussions were vouching as to the other government employees, because they were not supported by evidence in the record and were almost identical to statements found improper in *Weatherspoon*. *See id.* Since defense counsel did not object to these statements, we review for plain error. The district court did not give any curative instructions immediately after the prosecutor's vouching, and again, the later general jury instruction did not suffice to render the vouching harmless. *See id.* at 1151. However, unlike in *Weatherspoon*, this was not a close case and did not turn on the credibility of the government's witnesses. *See id.* The prosecutor's vouching does not require reversal under the plain error standard.

The prosecutor engaged in some misconduct during Gomez–Moreno's trial. However, in light of the strength of the government's case against Gomez–Moreno, these instances of misconduct do not require reversal. We AFFIRM.